K. Thomas **GARLAND**, Appellant,

v.

Judith Anne **GARLAND**, Appellee.

No. 05–92–02815–CV.

Court of Appeals of Texas, Dallas.

Oct. 29, 1993.

Paulette Mueller, David E. Mittle, Dallas, for appellant.

Christopher W. Mims, Dallas, Russell R. Hatten, Garland, Keith D. Becker, Dallas, for appellee.

Before KINKEADE, CHAPMAN and WHITTINGTON, JJ.

## OPINION

KINKEADE, Justice.

K. Thomas Garland appeals a probate court order dismissing his application for appointment of a guardian for his disabled adult son, Daniel Thomas Garland, for lack of jurisdiction. In one point of error, Thomas Garland contends the probate court erred in dismissing his application for guardianship because that court has original, exclusive, and mandatory jurisdiction of all applications for appointment of guardian. Because, in Dallas County, the statutory probate court is the exclusive court in which to file all guardianships, we reverse the probate court's order and remand.

## FACTUAL AND PROCEDURAL HISTORY

K. Thomas Garland and Judith Anne Garland are the natural parents of Daniel Thomas Garland, who suffers from Down's syndrome. In 1987, when Daniel Garland was sixteen years of age, Thomas and Judith Garland divorced. The family district court appointed Judith Garland managing conservator of Daniel Garland. Because Daniel Garland suffered from Down's syndrome at the time of the divorce, the family district court also ordered continuing support payments for him past the age of majority. In 1992, when Daniel Garland was twenty-two years of age, Thomas Garland asked the probate court to appoint him guardian of the estate and person of Daniel Garland. Judith Garland filed a motion to dismiss the application for guardianship because she contended the family district court had exclusive continuing jurisdiction over Daniel Garland. The probate court granted her motion and dismissed the case based on the continuing jurisdiction of the family district court.

## GUARDIANSHIP PROCEEDINGS

In one point of error, Thomas Garland contends the probate court erred in dismissing his application for guardianship because the probate court has original, exclusive, and mandatory jurisdiction of all applications for guardianship. He argues that because Daniel Garland is incompetent and is no longer a child, the probate court proceeding is necessary and does not interfere with the continuing jurisdiction of the family district court to modify Daniel Garland's support payments. He also argues that the Texas Probate Code vests jurisdiction of Daniel Garland's guardianship in the probate court.

### a. Jurisdiction of the Probate Court

The Texas Probate Code provides for the jurisdiction of guardianships, in pertinent part, as follows:

**§ 5. Jurisdiction of District Court and Other Courts of Record With Respect to Probate Proceedings and Appeals from Probate Orders.**

(c) In those counties where there is a statutory probate court ... all applications, petitions and motions regarding probate, administrations, guardianships, limited guardianships, and mental illness matters *shall be* filed and heard in such courts ... rather than in the district courts, unless otherwise provided by the legislature....

TEX.PROB.CODE ANN. § 5(c) (Vernon Supp. 1993) (emphasis added).

In May 1993 the Texas Legislature amended the Texas Probate Code to include a separate section on guardianships which, in pertinent part, provides:

**Sec. 606 District Court and Other Court of Record Jurisdiction.**

(c) In those counties in which there is a statutory probate court ... all applications, petitions and motions regarding guardianships, mental illness matters, or other matters addressed by this chapter *shall be* filed and heard in those courts ... rather than in the district courts, unless otherwise provided by the legislature....

Act of May 30, 1993, 73rd Leg., R.S., ch. 957, § 606, 1993 Tex.Sess.Law Serv. 4084, 4087 (Vernon) (to be codified as an amendment to TEX.PROB.CODE by adding Chapter XIII, Part

2, Subpart A, § 606) (effective September 1, 1993).

Under both section 5(c) and the new section 606 of the Texas Probate Code, guardianship proceedings in Dallas County *shall be* filed in the statutory probate court. *Id;* TEX.PROB.CODE ANN. § 5(c) (Vernon Supp. 1993). The statutory language is clear and unambiguous.

Judith Garland contends that the probate court properly dismissed Thomas Garland's application because any guardianship proceeding should be initiated in the family district court, the court with continuing jurisdiction to modify Daniel Garland's support order. In support of her contention, she relies on sections 11.05(a), 11.07(b), 14.05(a), and 14.051(b) of the Texas Family Code.

### b. Continuing Jurisdiction of the Family District Court

Sections 11.05(a), 11.07(b), 14.05(a), and 14.051 of the Texas Family Code provide, in pertinent part, the following:

#### § 11.05 Continuing Jurisdiction.

(a) Except as otherwise provided by this section ... when a court acquires jurisdiction of a suit affecting the parent-child relationship, that court retains continuing, exclusive jurisdiction of all parties and matters provided for under this subtitle in connection with the *child.*

#### § 11.07 Commencement of Suit and Petition for Further Remedy.

(b) Except in a motion to modify ... a request for further action concerning a *child* who is the subject of a suit affecting the parent-child relationship and who is under the jurisdiction of a court with continuing jurisdiction shall be initiated by the filing of a petition as provided in this chapter.

#### § 14.05 Support of Child.

(a) The court may order either or both parents to make periodic payments or a lump sum payment, or both, for the support of a *child* until he or she is 18 years of age in the manner and to the persons specified by the court in the decree.

#### § 14.051 Support for a Minor or Adult Disabled Child.

(a) In this section:

(1) "Adult Child" means a child that is 18 years of age or older.

(2) "Child" means a son or daughter of any age.

(b) The court may order either or both parents to provide for the *support* of a child for an indefinite period and determine the rights, privileges, duties, and powers of the child's parents for the *support* of the child if the court finds that:

(1) the child, whether institutionalized or not, requires substantial care and personal supervision because of a mental or physical disability and will not be able to support himself; and

(2) the disability exists, or the cause of the disability is known to exist, before or on the 18th birthday of the child.

TEX.FAM.CODE ANN. § 11.07(b) (Vernon 1986) & §§ 11.05(a), 14.05(a), 14.051(a), (b) (Vernon Supp.1993) (emphases added).

Judith Garland argues that sections 11.05(a), 11.07(b), and 14.05(a) of the Texas Family Code vest concurrent jurisdiction in the family court over Daniel Garland's guardianship proceeding. The term "child" as used in sections 11.05(a), 11.07(b), and 14.05(a) is defined in section 11.01(1) of the Texas Family Code as "a person under 18 years of age who is not and has not been married or who has not had his disabilities of minority removed for general purposes." TEX.FAM.CODE ANN. § 11.01(1) (Vernon Supp. 1993). In this case, Daniel Garland was twenty-two years old at the time the application for guardianship was filed. Because Daniel Garland was twenty-two years old, he was not a "child" as defined in section 11.01(1). Since he was not a child as defined by the statute, sections 11.05(a), 11.07(b), and 14.05(a) do not apply.

Judith Garland also argues that section 14.051(b) of the Texas Family Code vests in

the family district court the power to determine Daniel Garland's guardianship. The language of section 14.051(b) grants the family district court continuing jurisdiction to enter orders relating to the *support* of the child only. Section 14.051(b) allows a family district court to order support for a disabled adult child, but, as recently reinforced by the legislature, any guardianship of that adult child must first be filed in the statutory probate court. *See* Act of May 30, 1993, 73rd Leg., R.S., ch. 957, § 606, 1993 Tex. Sess. Law Serv. 4084, 4087 (Vernon) (to be codified as an amendment to TEX. PROB. CODE by adding Chapter XIII, Part 2, Subpart A, § 606) (effective September 1, 1993) (guardianship proceedings shall be filed in statutory probate court). We note that the probate code, as amended, allows a statutory probate court to transfer the guardianship of the *person* of a *minor,* but not an "adult child," to a court of continuing jurisdiction, such as a family district court. *Id.* § 609. Daniel Garland is not a minor. *See id.* § 601(13) (defining "minor" as a person who is younger than 18 years of age and who has never been married or who has not had the disabilities of minority removed for general purposes).

For these reasons, this Court holds that a family district court's continuing jurisdiction over support of a disabled adult child does not vest that court with jurisdiction to grant or deny a guardianship of that adult child's estate. Guardianship of the person or the estate of an adult child in Dallas County must first be filed in a statutory probate court. *Id.* §§ 606, 609; TEX.PROB.CODE ANN. § 5(c) (Vernon Supp.1993).

## CONCLUSION

Because section 5(c) and section 606 of the probate code require applications for guardianship in Dallas County to be filed in the probate court, the probate court erred in dismissing Thomas Garland's application for appointment of a guardian for his adult disabled son. We sustain his point of error.

We reverse the order of the probate court dismissing Thomas Garland's application for appointment of a guardian and remand this cause for further proceedings consistent with the Texas Probate Code, as amended. *See* Act of May 30, 1993, 73rd Leg., R.S., ch. 957, § 76(a)(2), 1993 Tex. Sess. Law Serv. 4084, 4185 (Vernon) (to be codified as an amendment to TEX.PROB.CODE by adding Chapter XIII, Part 5, Subpart G) (act applies to an application for the appointment of a guardian filed before September 1, 1993 in which a guardianship has not been created).